UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

CONRAD C.,[1]                                                      Case No. 6:20-cv-01003-MK

                Plaintiff,                                       **OPINION**
                                                                          **AND ORDER**

    v.

COMMISSIONER, Social Security
Administration,

                Defendant.
_____

**KASUBHAI,** United States Magistrate Judge:

      Plaintiff Conrad C. seeks judicial review of the final decision of the Commissioner of the

Social Security Administration ("Commissioner") denying his applications for supplemental

security income ("SSI") and disability insurance benefits ("DIB") under the Social Security Act

(the "Act"). This Court has jurisdiction to review the Commissioner's decision pursuant to 42

U.S.C. § 405(g). All parties have consented to allow a Magistrate Judge to enter final orders and

judgment in this case in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. §

636(c). *See* ECF No. 4. For the reasons that follow, the Commissioner's final decision is

REVERSED and this case is REMANDED for an immediate calculation and payment of

benefits.

---

[1] In the interest of privacy, the Court uses only the first name and last name initial of non-government parties whose identification could affect Plaintiff's privacy.

## PROCEDURAL BACKGROUND

Plaintiff filed applications for SSI and DIB in September 2017, alleging a disability onset date of April 10, 2016. Tr. 9.[2] His applications were denied initially and upon reconsideration. Tr. 13. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held by video conference on June 20, 2019. *Id.*; *see also* Tr. 30–58. On July 10, 2019, the ALJ issued a decision finding Plaintiff not disabled within the meaning of the Act. Tr. 10–29. The Appeals Council denied Plaintiff's request for review on April 16, 2020, making the ALJ's decision the final decision of the Commissioner. Tr. 1–6. This appeal followed.

## FACTUAL BACKGROUND

Plaintiff was 29 years old on his alleged onset date. Tr. 21. He has a high school education and has past relevant work experience as a cook and executive and sous chef. Tr. 21; *see also* Tr. 38. Plaintiff alleged disability based on cervical and lumbar spine degenerative disc disease and right wrist impairments. Tr. 408.

## LEGAL STANDARD

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a

---

[2] "Tr." citations are to the Administrative Record. ECF No. 19.

whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

The initial burden of proof rests upon the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140–41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141. At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*;

20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141.

At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations his impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)–(c), 416.920(e), 416.945(b)–(c). At the fourth step, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n.5. At step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff met the insured requirements of the Act and had not engaged in substantial gainful activity since his alleged onset date. Tr. 15. At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the cervical and lumbar spine; sacroiliitis; right wrist impairments including scapholunate advanced collapse of right wrist and triangular fibrocartilage complex; left wrist impairments including scapholunate ligament disruption with scapholunate advanced collapse wrist; myalgia; and cephalgia. Tr. 15. At step three, the ALJ found that Plaintiff did not have an impairment or combination thereof that met or medically equaled the severity of a listed impairment. Tr. 17.

The ALJ found that Plaintiff had the RFC to perform the full range of sedentary work, with the following limitations:

> [He was] limited to no more than frequent climbing of ramps, stairs, ladders, ropes, and scaffolds. He [could] frequently stoop, kneel, crouch and crawl. [He was] limited to occasional handling bilaterally.

*Id*.

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. Tr. 21. At step five, the ALJ found, in light of Plaintiff's age, education, work experience, and RFC, a significant number of jobs existed in the national economy such that Plaintiff could sustain employment despite his impairment. Tr. 22. The ALJ thus found Plaintiff not disabled within the meaning of the Act. Tr. 23.

## DISCUSSION

The scope of this appeal is narrow. Plaintiff's sole contention is that the ALJ failed to give legally sufficient reasons for rejecting two treating source medical opinions.

## I.    Medical Opinion Evidence

For disability claims filed on or after March 27, 2017, new regulations for evaluating medical opinion evidence apply. *Revisions to Rules Regarding the Evaluation of Medical Evidence* ("*Revisions to Rules*"), 2017 WL 168818, 82 Fed. Reg. 5844, at *5867–68 (Jan. 18, 2017); *see also Tyrone W. v. Saul*, No. 3:19-cv-01719-IM, 2020 WL 6363839, at *6 (D. Or. Oct. 28, 2020) ("For claims filed on or after March 27, 2017, Federal Regulation 20 C.F.R. § 416.920c governs how an ALJ must evaluate medical opinion evidence.").

Under the new regulations, the Commissioner is no longer required to supply "specific evidentiary weight to medical opinions; this includes giving controlling weight to any medical opinion." *Allen O. v. Comm'r of Soc. Sec.*, 3:19-cv-02080-BR, 2020 WL 6505308, at *5 (D. Or.

Nov. 5, 2020) (citing *Revisions to Rules*, 2017 WL 168819, at *5867–68). Instead, ALJs must

consider every medical opinion in the record and evaluate each opinion's persuasiveness. 20

C.F.R. §§ 404.1520c(a), 416.920c(a). The two most important factors in doing so are the

opinion's "supportability" and "consistency." *Id.* ALJs must articulate "how [they] considered

the supportability and consistency factors for a medical source's medical opinions . . . in [their]

decision." 20 C.F.R. §§ 404.1520c(b)(2), 416.1520c(b)(2). With regard to supportability, the

"more relevant the objective medical evidence and supporting explanations presented by a

medical source are to support [their] medical opinion[], the more persuasive the medical opinions

. . . will be." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). As to consistency, the "more

consistent a medical opinion[] is with the evidence from other medical sources and nonmedical

sources in the claim, the more persuasive the medical opinion(s) . . . will be." 20 C.F.R. §§

404.1520c(c)(2), 416.920c(c)(2). ALJs may consider other factors relating to the providers

relationship with the claimant; however, they are not required to do so except in a limited

number of circumstances. 20 C.F.R. §§ 404.1520c(b)(3), 416.1520c(b)(3).

The parties do not dispute that the new regulations apply. They do, however, dispute the

relevance of existing Ninth Circuit case law and reviewing standards in light of the new

regulations.[3] *See, e.g.*, *Robert S. v. Saul*, No. 3:19-cv-01773-SB, 2021 WL 1214518, at *4 (D.

Or. Mar. 3, 2021) (noting that "the Commissioner revised agency regulations to eliminate the

hierarchy of medical opinions"); *Thomas S. v. Comm'r of Soc. Sec.*, 2020 WL 5494904, at *2

(W.D. Wash. Sept. 11, 2020) (noting that the "hierarchy [for treatment of medical opinion

---

[3] Specifically, Plaintiff asserts that the "requirement for 'specific and legitimate' reasoning survives under the new regulations." Pl. Br. 5, ECF No. 15. The Commissioner argues that "[the new regulations] eliminate the old hierarchy of medical opinions and give no deference to any medical opinions[.]" Def.'s Br. 4, ECF. No. 16

evidence] underpinned the requirement in the Ninth Circuit that an ALJ must provide clear and convincing reasons to reject an uncontradicted doctor's opinion and specific and legitimate reason where the record contains contradictory opinion"). The Ninth Circuit has not yet addressed whether or how the new regulations alter the standards set forth in prior cases for rejecting medical opinion evidence. *See Lilith P. v. Commissioner of Social Security*, No. 6:20-cv-01869-JR, 2021 WL 4709724, at *5 n.4 (D. Or. Oct. 8, 2021).

Given the Act's broad grant of authority to the agency to adopt rules regarding "proofs and evidence," prior caselaw must yield to the Commissioner's new, permissible regulations to the extent older cases expressly relied on the former regulations. *Bowen v. Yuckert*, 482 U.S. 137, 145 (1987) ("The Act authorizes the Secretary to 'adopt reasonable and proper rules and regulations to regulate and provide for the nature and extent of the proofs and evidence and the method of taking and furnishing the same in disability cases." (citing 42 U.S.C. § 405(a)); *Nat'l Cable & Telecommunications Ass'n v. Brand X Internet Servs.*, 545 U.S. 967, 982–83 (2005) (holding that courts should grant *Chevron* deference to regulatory changes that conflict with prior judicial precedent, unless a court's prior construction followed from the unambiguous terms of the statute and thus left no room for agency discretion); *Emilie K. v. Saul*, 2021 WL 864869, at *4 (E.D. Wash. Mar. 8, 2021) (collecting cases and observing "[m]ost District Courts to have addressed this issue have concluded that the regulations displace Ninth Circuit precedent").

The new regulations do not, however, upend the Ninth Circuit's entire body of caselaw relating to medical evidence, which remain binding on this Court. For example, it remains true that ALJs may not cherry-pick evidence in discounting a medical opinion. *Ghanim*, 763 F.3d at 1162; *see also Holohan v. Massanari*, 246 F.3d 1195, 1207 (9th Cir. 2001) (reversing ALJ's

selective reliance "on some entries in [the claimant's records while ignoring] the many others that indicated continued, severe impairment"). Nor may ALJs dismiss a medical opinion without providing a thorough, detailed explanation for doing so:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his own conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

*Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294, 1299 (9th Cir. 1999) (citation omitted). In other words, while the new regulations eliminate the previous hierarchy of medical opinion testimony that gave special status to treating physicians, ALJs must still provide sufficient reasoning for federal courts to engage in meaningful appellate review. *See Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) (explaining that "a reviewing court should not be forced to speculate as to the grounds for an adjudicator's rejection" of certain evidence); *see also Treichler v. Commissioner of Social Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) ("Although the ALJ's analysis need not be extensive, the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence."). With these principles in mind, the Court turns to the ALJ's assessment of the medical evidence.

### A.  Philip Wallace, M.D. and Sarah Serrano, M.D.

Dr. Wallace served as Plaintiff's pain physician beginning in August 2016. Tr. 937. The doctor treated Plaintiff for pain procedures, including Plaintiff's chronic mid-thoracic pain and lower back pain. *Id*. Dr. Wallace submitted a treating source statement in which he opined, *inter*

*alia*, that Plaintiff would be off-task for "greater than 20%" of a standard work week, or greater than eight hours, and that he would miss more than two days of work per month. Tr. 938.

Dr. Serrano served as Plaintiff's primary care physician beginning in March 2018 and treated Plaintiff for his traumatic brain injury, chronic back pain, attention deficit disorder ("ADD"), anxiety, and depression. Tr. 933. Dr. Serrano further opined that Plaintiff would be off-task 75% of an average workday and that he would miss more than two days a month due to pain flares. Tr. 934.

The ALJ rejected both doctors' opinions because: (1) the doctors failed to provide Plaintiff's "functional limitations indicating what [Plaintiff] can do despite his pain" and were therefore, "not persuasive"; and (2) the doctors did not "identify a cause of [Plaintiff's] subjective pain." Tr. 20–21.

The ALJ's rationale for rejecting the opinions fails for at least two reasons. First, in some circumstances an ALJ may in fact reject medical opinions that fail to include specific functional limitations. *See, e.g.*, *Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999). Here, however, the ALJ's decision failed to account for all of Dr. Wallace and Dr. Serrano's opined limitations. Although the doctors' opinions did not include traditional functional limitations relating to Plaintiff's mental, physical, and environmental restrictions—such as Plaintiff's ability to follow simple instructions or handle objects—the ALJ's failed to address the specific limitations on which the doctors did provide an opinion. *See, e.g.,* Tr. 938 (Dr. Wallace opining that Plaintiff's concentration would be impaired greater than 20% of the workday); Tr. 934 (Dr. Serrano opining that Plaintiff's concentration would be impaired greater than 75% of the workweek). Accordingly, a lack of functional limitations was not a legally sufficient rationale for the ALJ's wholesale rejection of Plaintiff's physicians.

Second, the ALJ's rejection of the doctors' opinions because neither opinion "[identified] a cause of the claimant's subjective pain" lacks support in the record. Tr. 21. Both Dr. Wallace's and Dr. Serrano's opinions explained that Plaintiff's back and wrist pain stemmed from the same automobile accident. *See e.g.,* Tr. 937 (opining that "mid-thoracic pain arose after" automobile accident in April 2016); Tr. 933 (explaining that Plaintiff's injury took place in the April 2016 automobile accident). Additionally, both doctors diagnosed a litany of impairments and prescribed serious narcotics and pain management drugs, including Oxycodone and Gabapentin. Tr. 933 (diagnosing traumatic brain injury, chronic back pain, ADD, anxiety and depression and noting that "gabapentin [and] duloxetine" was ineffective and that Plaintiff was currently prescribed "oxycodone 10mg two at bedtime and twice daily."); Tr. 937 (diagnosing mid-thoracic and lumbosacral junction pain and noting that Plaintiff was prescribed epidural steroid injections, injections for his facet joints and focal trigger points, and radiofrequency ablations as well as platelet rich plasma of the lower lumbar and sacrum). The ALJ's reliance on the purported inability to identify the source of Plaintiff's "subjective pain" lacks support in the record and was therefore not a permissible reason to reject the doctors' opinions.

Finally, the Commissioner's contention that the ALJ properly rejected the doctors' opinions because "the ALJ found that these opinions were not well supported or explained" also fails because the ALJ never in fact raised that rationale in rejecting the doctors' opinions. Def.'s Br. 6. ECF No. 16. The argument is therefore impermissible *post hoc* rationalizations upon which this Court may not affirm. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not *post hoc*

rationalizations that attempt to intuit what the adjudicator may have been thinking.").[4] The Court

notes, however, that the record contains ample support for the doctors' opined limitations,

including healthcare records that describe in detail Plaintiff's significant symptoms and

impairments. *See, e.g.,* Tr. 413 (April 2016: noting that Plaintiff had back pain exacerbation); Tr.

422 (May 2016: concluding Plaintiff's condition had deteriorated); Tr. 456 (September 2016:

Plaintiff's back condition further deteriorated); Tr. 588–608 (seeking frequent monthly pain

management treatment); Tr. 754–55 (explaining that that physical therapy had exacerbated

Plaintiff's back pain). As such, the ALJ improperly rejected the opinions of Dr. Wallace and Dr.

Serrano and this case must be remanded.

## II.    Remand

A reviewing court has discretion to remand an action for further proceedings or for a

finding of disability and an award of benefits. *See, e.g.*, *Stone v. Heckler*, 761 F.2d 530, 533 (9th

Cir. 1985). Whether an action is remanded for an award of benefits or for further proceedings

depends on the likely utility of additional proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179

(9th Cir. 2000). In determining whether an award of benefits is warranted, the court conducts the

"three-part credit-as-true" analysis. *Garrison v. Coleman*, 759 F.3d 995, 1020 (9th Cir. 2014).

Under this analysis the court considers whether: (1) the ALJ has failed to provide legally

sufficient reasons for rejecting evidence; (2) the record has been fully developed and further

proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were

credited as true, the ALJ would be required to find the claimant disabled on remand. *See*

---

[4] For this same reason, the Commissioner assertion that "evidence of suspected malingering"
further called the opinions into question" fails. *Bray*, 554 F.3d at 1225; *see also Burrell v. Colvin*,
775 F.3d 1133, 1141 (9th Cir. 2014) (reviewing courts "are constrained to review the reasons the
ALJ asserts") (citation and quotation marks omitted).

*Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015); *see also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014). Even if all of the requisites are met, however, the court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled[.]" *Id*. at 1021. "Serious doubt" can arise when there are "inconsistencies between the claimant's testimony and the medical evidence," or if the Commissioner "has pointed to evidence in the record the ALJ overlooked and explained how that evidence casts serious doubt" on whether the claimant is disabled under the Act. *Dominguez*, 808 F.3d at 407 (citing *Burrell*, 775 F.3d at 1141 (internal quotation marks omitted)).

Here, the first requisite is met based on the ALJ's harmful legal errors discussed above. The ALJ failed to supply legally sufficient reasons for rejecting the opinions of Dr. Wallace and Dr. Serrano. As to the second requisite, the record has been fully developed and further proceedings would not be useful. Dr. Serrano opined Plaintiff's attention and concentration would be impaired 75% of the workday, or six hours per day. Tr. 934; *see also* Tr. 938 (Dr. Wallace similarly opining that Plaintiff's attention and concentration would be impaired more than 20% of the workweek, or approximately 1.5 hours per day). Dr. Serrano went on to explain that "Plaintiff ha[d] trouble staying on task despite [30mg of] adderall [] even with physical or mental activity" due to a "combination of pain, ADD, and [traumatic brain injury]." *Id*. The VE testified, a person who is off task more than "30 minutes out of a day outside of normal breaks" would not be employable. Tr. 55. Thus, fully crediting the medical opinions of record as true, the third requisite is satisfied because Plaintiff's diminished attention and concentration falls outside of the acceptable range identified by the VE testimony and on remand the ALJ would be required to find Plaintiff disabled. *See Dominguez*, 808 F.3d 407. Lastly, considering the record as a

whole, the Court has no basis to doubt that Plaintiff is disabled under the Act. As such, the Court concludes the proper remedy in this case is to remand for a calculation of benefits. *See Garrison*, 759 F.3d at 1022–23.

## CONCLUSION

For the reasons discussed above, the ALJ's decision was not based on substantial evidence. Accordingly, the Commissioner's decision is REVERSED and this case REMANDED pursuant to sentence four of 42 U.S.C. §405(g) for an immediate calculation and payment of benefits.

IT IS SO ORDERED.

DATED this 19th day of October 2021.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (He / Him)
United States Magistrate Judge